Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio





★   ★   ★                                      ★   ★   ★

# MEMORANDUM OPINION

No. 04-09-00485-CR

Jose A. **CORDOVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-5739
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: September 23, 2009

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence on February 5, 2007. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on March 7, 2007. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on March 22, 2007. TEX. R. APP. P. 26.3. Appellant did not file his notice of appeal until May 4, 2009; appellant did not file a motion for extension of time. This court issued an order on August 18, 2009 directing

appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On September 3, 2009, appellant filed a written response asserting that his double jeopardy rights were violated in this case and asking this court to extend the time for filing his notice of appeal.

A late notice of appeal invokes the appellate court's jurisdiction in a criminal case only if (1) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (2) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). This court may not extend the time to file a notice of appeal unless a motion for extension of time is filed in the appellate court within fifteen (15) days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. As noted, appellant did not file a motion for extension within the fifteen-day grace period. When a notice of appeal *and* a motion for extension of time are not filed within the fifteen-day grace period, the appellate court lacks jurisdiction. TEX. R. APP. P. 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). *But see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus in the trial court pursuant to article 11.07 of the Texas Code of Criminal Procedure). Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH